# CUETARA HERMANOS ET AL., Libellants,

## *v.*

# ROYAL INSURANCE COMPANY, Libellee.

---

San Juan, Admiralty, No. 1523.

ADMIRALTY.

**Admiralty—Amendment Showing No Liability.**
> Where an amendment is sought to a libel in admiralty and the subject-matter of the proposed amendment shows that no liability would result on the part of the libellee, an exception should be sustained.

Opinion filed January 18, 1923.

---

*Mr. E. B. Wilcox* for libellants.

*Mr. O. B. Frazer* for libellee.

ODLIN, Judge, delivered the following opinion:

Counsel for the libellants has filed with the court a brief most carefully prepared, in which he argues with unusual ingenuity that I should overrule the exception filed by counsel for the libellee to the second amended libel, which exception is based upon the proposition that the second amended libel does not allege that the agreement to change or alter the terms of the policy was in writing. On June 13, 1922,

Cuctara Hermanos v. Royal Ins. Co.

when I passed upon similar exceptions to the first amended libel in this proceeding, I explained in detail my reasons for holding that failure to recite that such agreement was in writing was equivalent to an admission that the agreement was oral; and I also held that where parties entered into a written contract and it is claimed that such written contract was changed by mutual consent, such mutual consent must itself be in writing.

The present argument submitted to me by counsel for the libellants is in effect an appeal that I erred in my decision of June 13, 1922, and that I should reverse that ruling. Counsel for the libellee has argued that this question is no longer open, because it has already been decided by this court. I cannot agree with this view, because I am clear that if I should become convinced of my error in my previous ruling it would be my duty to reverse that ruling and correct that error. It is therefore my view that the question should be re-examined upon its merits.

The strongest case relied upon by the counsel for the libellants is that of the Union Mut. L. Ins. Co. v. Wilkinson, decided by the United States Supreme Court in the year 1872, reported in 13 Wall. 231, 20 L. ed. 621. It is not necessary to enter into a minute discussion as to whether this case in 13 Wall. is in accord with the theory so urgently pressed by Mr. Wilcox in the case now under consideration, because even if that were true I would feel obliged to adopt and follow the rule laid down by the United States Supreme Court in a decision as late as 1902 in the case of the Northern Assur. Co. v. Grand View Bldg. Asso. reported in 183 U. S. 308, 46 L. ed. 213, 22 Sup. Ct. Rep. 133. It is true that three members

of the United States Supreme Court dissented in this case, but without any dissenting opinion. Therefore I am unable to determine with accuracy or definiteness the exact grounds upon which their dissent was based. The fact remains that the other six Justices, speaking through Mr. Justice Shiras, whose long opinion covers 54 pages, declared that the true rule is that which is expressed in Greenleaf on Evidence, 12th ed. vol. 1, § 275, as follows: "When parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected."

I will not quote the language of this long decision as found on page 349, but a reference to that page will indicate that the Wilkinson Case relied upon by Mr. Wilcox cannot be deemed authority for the position which he is asking this court to take in the matter now under consideration. I feel that it is my duty to adopt the rule as established by six members of the United States Supreme Court in the Northern Assur. Co. Case, even though it be true that there are decisions to the contrary referred to in § 113 of the title Insurance in vol. 14 of Ruling Case Law, because these decisions there mentioned

Cuetara Hermanos v. Royal Ins. Co.

emanated from state courts, and I find hardly any decisions of Federal courts in harmony therewith.

Counsel for the libellants on page 8 of his brief filed with me on November 20, 1922, asks this court, in case of a ruling now against him, to permit him the privilege to amend again and make the general agents of the defendant insurance company parties respondent with the company itself. I would do this readily if I believed that I had the power. Holding as I do that the third exception to the second amended libel must be sustained, and it necessarily following from such ruling that no liability exists on the part of the libellee, I would in effect be entertaining jurisdiction of a suit between the libellants and the general agents of the defendant insurance company. Inasmuch as the libellants and the general agents of the Royal Insurance Company are all domiciled in the Island of Porto Rico this court would have no jurisdiction over the controversy.

For the reasons above set forth, I am obliged to sustain the third exception to the second amended libel, and furthermore declare the libel dismissed with costs.

To this ruling counsel for the libellants excepts.